UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LARRY JEROME BURNS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-113 |
| | ) | |
| CAPT. IRVIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court previously directed Plaintiff Larry Jerome Burns, Jr. to submit an amended complaint to address defects in his deliberate indifference, failure to protect, and First Amendment retaliation claims. *See, e.g.,* doc. 13 at 19. The deadline for him to submit his amendment has passed without any action from Burns. *See generally* docket. Since he has failed to obey the Court's Order and failed to prosecute this case, it is **DISMISSED**.

A district court retains the inherent power to police its docket and to enforce its orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v.*

1

*Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006). Under the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c). Burns' failure to prosecute this case and failure to respond to the Court's Order warrant dismissal. Accordingly, his Complaint is **DISMISSED** for failing to obey a court order, the Local Rules, and failing to prosecute his case. Doc. 1. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED,** this 4th day of September, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA